JOSEPH VARNEY *vs.* BARZILLAI W. HATHORN.

Sagadahoc, November, 1875.—November 15, 1876.

*Money had and received. Burden of proof.*

In an action for money had and received, the burden is upon the plaintiff to show that the money received belonged in equity and good conscience to him.

Where it appeared at the trial that the defendant had collected a sum. of
money, seven-tenths of which belonged to the plaintiff, and three-tenths to
the plaintiff's agent, who was entitled to collect the whole, and that the de-
fendant had retained a certain sum in payment of the agent's indebtedness
to him, and given the balance to the agent, a nonsuit was ordered.  On ex-
ceptions, *held*, that the nonsuit was properly ordered because it did not
appear how much money he had collected in all, or that he retained more
than three-tenths of it in payment of the agent's indebtedness.

ON EXCEPTIONS.

ASSUMPSIT, for money had and received.

The plaintiff was owner of a vessel and cargo in Bath.   The
master sailed the vessel on shares, three-tenths of what the cargo
sold. for being his share of the freight money, the residue belong-
ing to the owner.   The defendant, a creditor of the master sued
him in Boston, and trusteed the purchasers of the cargo.   The
master, to procure a release of the funds, gave an order for the
whole amount of the cargo in favor of this defendant's attorneys,
out of the proceeds of which they took debt and costs amounting
to $279.27, in satisfaction of this defendant's claim, and paid the
balance to the master.   The plaintiff brought this suit against the
defendant for money had and received.   It did not appear at the
trial what the whole cargo sold for, or that $279.27 exceeded three-
tenths of it.   The presiding justice ordered a nonsuit and the
plaintiff alleged exceptions.

*H. Tallman & C. W. Larrabee*, for the plaintiff.

*F. Adams*, for the defendant.

LIBBEY, J.  This is assumpsit for money had and received
by defendant to plaintiff's use.   It was agreed by the parties that
defendant, on the 8th of October, 1874, brought a suit against one
Alden Rider and Chapin & Co., of Boston, as trustees of said
Rider, in the county of Suffolk, commonwealth of Massachusetts,
and that said action was settled by the parties to the writ, and the
amount of said defendant's claim against said Rider and taxable
costs of said action, amounting in all to $279.27, was paid by the
trustees to the attorneys of the defendant who brought the suit
upon the order of said Rider.

Plaintiff testified as follows : "I own 9-16ths of the schooner Sagi-

naw, and have charge of the balance of her, have had that charge for a number of years. Alden Rider was captain. He sailed her under a charter not in writing. I loaded her to keep her employed with work during the season, and loaded her with slabs. I was to have one-half of what the slabs sold for, and the other half was freight. Of the freight money the captain was to receive 3-5ths and that left 2-5ths of the freight money coming to me. I found out by Mr. Hathorn, the defendant, what became of that cargo, in a conversation with him. Mr Hathorn says, I told my folks to trustee Captain Rider's part and not anything else. When he found that he got all the money into his hands he said he did'nt know me. He told me he did not tell his Boston attorneys to trustee anything except Captain Rider's part, I have never got my pay for my interest in that cargo of lumber. I told him that the slabs were my property. He said that he had tried a good many times for his pay, and this time he trusteed the whole cargo for the amount of his bill, and he collected the costs, what belonged to me and the vessel."

On cross-examination, he said, "I allowed Captain Rider to dispose of the wood in Boston, did not know that the parties he traded with in Boston knew me; trusted to the integrity of Captain Rider to dispose of the wood and return to me my interest. Hathorn trusteed the whole cargo, took the whole amount of his bill and costs out of it, the balance was paid to the captain, and he paid it to the crew."

Alden Rider, called by plaintiff, testified in substance as follows : "I had charge of this vessel last year, and carried this cargo to Boston, to dispose of. The parties I sold the wood to did not pay me because the cargo was trusteed. I talked with Hathorn's counsel, told them that the cargo did not belong to me, told them that it belonged to Mr. Varney, of Bath. I informed Mr. Chapin so before there was any settlement. To pay my debt to Hathorn, there was a check made out in my name by Mr. Chapin. He shoved it along to me to sign, I signed it and the sheriff took it. This was after I had informed him and informed Hathorn's attorney that the wood did not belong to me. The attorneys said it did not make any difference whether it belonged to me or not, they.

did not know any one else but me in the trade. I told him I thought it was a hard thing to take another man's money to pay your bills. I sold the cargo to Chapin & Co. That money belonged to Mr. Varney and the vessel. The vessel was managed and owned by Mr. Varney. This money was the proceeds of that cargo."

On cross-examination he said : "The vessel was entered in Boston in my name. I told Chapin & Co., I was captain of the vessel and they bought the wood. I do not know whether they knew anything about Mr. Varney or not. The sheriff gave me Hathorn's bill receipted ; my indebtedness to Hathorn was paid by me at that time."

Plaintiff recalled by his counsel testified: "I never had any contract or dealings with Chapin & Co., with regard to this wood. I did not know them. Had no knowledge of them in any way or shape."

After the plaintiff introduced this evidence he stopped and defendant moved for a nonsuit which was ordered by the presiding judge.

We think the nonsuit was properly ordered. There was no privity of contract between the parties. The plaintiff claims to maintain his action on the ground that the defendant has in his hands money, which in equity and good conscience belongs to the plaintiff, and which the defendant has no legal right to retain. To bring his case within this rule, he claims that the cargo of wood was his property ; that Captain Rider was his agent in selling and receiving pay for it, and had no right to use the proceeds of the sale of the wood to pay his debts ; and that defendant received the order on Chapin & Co., with full notice of these facts.

To maintain his action, it is incumbent on the plaintiff to prove that the money received by defendant was his money, and that defendant received it with notice of this fact. Has he done so ? By the contract between plaintiff and Captain Rider as stated by plaintiff, captain Rider was to have three-tenths of the proceeds of the wood as his own, for sailing the vessel, and had authority to sell it and receive the proceeds. He then had a legal right to retain and use as he pleased, three-tenths of the money received for the wood.

Before the plaintiff can claim any part of the money paid by Captain Rider to the defendant, he must show that the sum paid exceeded the portion of the proceeds of the wood which Captain Rider was entitled to retain. The evidence fails entirely to prove this fact. There is no evidence showing the whole sum the wood was sold for. Nor that the sum of $279.27 exceeded three-tenths of the whole amount of the sale of the wood. It appears by the testimony of plaintiff that the sum received by defendant was only a portion of the proceeds of the wood in the hands of Chapin & Co., and that Captain Rider, collected the balance, but it nowhere appears how much. If the amount paid by Captain Rider to the defendant exceeded three-tenths of the sum for which the wood was sold, the plaintiff had the means of proving it. The jury would not have been authorized to find that fact without evidence.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.